No. 91-479

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

LUTEY CONSTRUCTION-THE CRAFTSMAN,

        Plaintiff and Appellant,

-v-

THE STATE OF MONTANA, STATE BOARD OF
EXAMINERS, and MONTANA DEPARTMENT OF
FISH, WILDLIFE AND PARKS,

        Defendants and Respondents.



FILED

MAR 3 0 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Gregory O. Morgan, Bozeman, Montana

        For Respondent:

        James M. Scheier, Assistant Attorney General,
Helena, Montana

---

Submitted:  November 16, 1992

Decided:  March 30, 1993

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from the First Judicial District Court, Lewis and Clark County, of an order granting summary judgment for the defendant, State of Montana (State).

The sole issue on appeal is whether the District Court erred in granting summary judgment in favor of the State on the subissues relative to a construction contract with the State. We affirm in part and reverse in part. The six subissues include:

I. Breach of Contract
II. Constitutionality of Section 18-1-402, MCA
III. Quantum Meruit
IV. Implied Warranty of Plans and Specifications
V. Fraud and Misrepresentation
VI. Breach of the Implied Covenant of Good Faith and Fair Dealing

Each of these subissues will be discussed in turn.

Lutey Construction - The Craftsman (Lutey), a construction contractor, entered into a contract with the State in August of 1984 to renovate the Yellowstone River Trout Hatchery in Big Timber, Montana. Morrison-Maierle, Inc. (Morrison), a firm of consulting engineers, was the architect/engineer on the renovation project.

Various problems occurred relative to the job and on August 12, 1985, the State sent Lutey a letter stating that Lutey was in default of the contract and the State was exercising its option to terminate the contract.

Lutey sent claims for time extensions and additional compensation to Morrison, who responded by letter on October 24, 1985. The letter from Morrison recommended that many of Lutey's

2

claims be denied and requested more information about other claims. There is no evidence of further communication between the parties thereafter. A complaint was filed on August 22, 1989.

"Under Rule 56(c), M.R.Civ.P., summary judgment is proper if the record discloses no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law." Kaseta v. N. Western Agency of Gr. Falls (1992), 252 Mont. 135, 138, 827 P.2d 804, 806. "[O]ur standard of review relating to conclusions of law...is whether the tribunal's interpretation of the law is correct." Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-475, 803 P.2d 601, 603.

## I. Breach of Contract

The State argues that the District Court was correct in concluding that Lutey's breach of contract claim was barred by the statute of limitations. Section 18-1-402, MCA, provides that contract actions against the State, where no settlement procedure is provided to resolve conflicts, must be brought within one year after the cause of action arises. The State contends that, according to Kitchen Krafters Inc. v. Eastside Bank (1990), 242 Mont. 155, 163, 789 P.2d 567, 571-572, Lutey's cause of action accrued when the breach of the contract occurred, which was when he received the letter terminating the contract. Lutey, citing Zook Bros. Construction Company v. State (1976), 171 Mont. 64, 556 P.2d 911, counters that the statute of limitations does not run on his cause of action until he receives a final accounting from the State.

We agree with Lutey. Although we affirm Kitchen Krafters' proposition that "the statute of limitations runs from the time of the breach and not from the time of injury....", we determine that the present case falls under the Zook exception.

In Zook, there were problems in the commencing of a highway construction project and the construction company filed a claim against the State for damages incurred due to the delay. The State rejected the claim so Zook provided documentation of the claim to which the State responded by auditing Zook's records. Several meetings occurred between both parties and finally, the claim was orally denied by the Director of the State Highway Commission. Thereafter, Zook brought an action in District Court and that court concluded that Zook had suffered damages due to the State's breach of contract.

On appeal to the Supreme Court, the State argued that Zook's claim was barred by the statute of limitations because the cause of action arose at the time of the alleged breach, which was when the State ordered the work stoppage at the commencement of the project. This Court concluded that "a claim or dispute ARISES at the time the State submits a final estimate to the contractor for his approval or rejection." Zook, 556 P.2d at 915. We also stated that the State "led Zook to believe that its claim would receive timely attention and would be reviewed by the State pending an administrative decision on its merits." Zook, 556 P.2d at 915.

By the same token, Lutey contends that he was led to believe there would be a final accounting of his work on the Fish Hatchery

4

renovation project when he was terminated. A portion of the termination letter read:

> According to the terms of the contract, all funds due the contractor according to the contract shall be used to pay for completing the work. Funds remaining after completion of the work shall be paid to the contractor. If additional funds are needed to complete the work, the contractor shall pay the difference.

The letter terminating the contract was dated August 12, 1985, and approximately one month later, Lutey submitted claims for additional compensation to Morrison, the State's engineer. To date, Lutey has received only one letter, from the State's engineer, Morrison, stating that its recommendation was to deny most claims and requesting more information on other claims. Lutey has not received any accounting from the State nor any information on his claims for additional compensation.

The argument that Zook completed the project while Lutey was terminated before the Fish Hatchery renovation was completed is immaterial. In the present case, Lutey insists that the State's actions materially breached the contract, as in Zook, and that Lutey expected a final accounting from the State, as in Zook. The fact that Zook had completed the project and Lutey had not has no bearing on whether Lutey was entitled to a final accounting of the work it performed and any setoffs of the State.

This Court concludes that the trial court was in error when it granted summary judgment for the State on the breach of contract issue because the claim was barred by the statute of limitations. The statute does not begin to run until Lutey is provided with a

5

final accounting from the State.

## II. Constitutionality of the Statute

The issue of the constitutionality of § 18-1-402, MCA, is moot. Lutey is not adversely affected by the statute because of our conclusion that his breach of contract claim is not time barred by the statute of limitations. "It is a well-established principle that a party does not have standing to challenge the constitutionality of a statute unless he has been adversely affected by the challenged statute." Allmaras v. Yellowstone Basin Properties (1991), 248 Mont. 477, 480, 812 P.2d 770, 771.

## III. Quantum Meruit

Lutey contends that he furnished extra labor, machinery and materials to the Fish Hatchery renovation project for the benefit of the State. The State replies that Lutey must elect between a remedy in contract or a remedy in quantum meruit, he cannot pursue both. Moreover, the claim in quantum meruit is barred by the statute of limitations.

> "Quantum meruit" as an amount of recovery simply means "'as much as deserved,'" and measures the recovery under an implied contract to pay compensation as the reasonable value of services rendered.

Kintz v. Read (Wash. App. 1981), 626 P.2d 52, 55. (Emphasis added).

Section 27-2-202(3), MCA, applies to implied contracts and reads:

> The period prescribed for the commencement of an action upon an obligation or liability, other than a contract, account, or promise, not founded upon an instrument in writing is within 3 years.

6

The complaint, filed on August 22, 1989, came approximately four years after the cause of action for the claim in quantum meruit accrued and therefore, is barred by the statute of limitations.

## IV. Implied Warranty

Lutey argues that the State breached the implied warranty of suitability and accuracy in the contract. It further contends the warranty is implied in the existence of the written contract and under Certain-Teed Products Corporation v. Bell (Texas 1968), 422 S.W.2d 719, it "is as much a part of the writing as the express terms of the contract...." Certain-Teed, 422 S.W.2d at 721. Lutey claims that the breach of implied warranty is governed by § 27-2-202(1), MCA, which states that "[t]he period prescribed for the commencement of an action upon any contract, obligation, or liability founded upon an instrument in writing is within 8 years." The State agrees with the logic of Certain-Teed but states that the breach of implied warranty is governed by § 18-1-402, MCA, and a one-year statute of limitations applies.

The Certain-Teed court concluded "that a warranty which the law implies from the existence of a written contract is as much a part of the writing as the express terms of the contract, and the action to enforce such a warranty is governed by the statute pertaining to written contracts." Certain-Teed, 422 S.W.2d at 721. In the present case, Lutey claims that the State "impliedly warranted that the plans and specifications [we]re accurate and suitable for the project...." The complaint also states that

> ...they failed to specify the terms for construction
> of the clay seal, failed to convey to the bidders the

7

State of Montana's true intention regarding the use of superplasticizer and were misleading as to the amount of underground water and underground obstacles which the State of Montana knew to be on the site.

However, the law in Montana establishes "that a contractor can rely on the plans and specifications and need not...verify them....[T]he owner, here the State, warrants and is responsible for the accuracy of the descriptions in the plans and specifications of the contract that are issued." Sornsin Const. Co. v. State (1978), 180 Mont. 248, 254-255, 590 P.2d 125, 129. The contract impliedly warrants that the plans and specifications are suitable and accurate. This implied warranty is as much a part of the contract as the express terms. As part of the contract, it is usually governed by the statute of limitations for written contracts, which is § 27-2-202(1) MCA, or as here, it is governed by § 18-1-402, MCA, the one year statute.

We conclude that the implied warranty action arises out of the contract and is treated as part of the contract. The statute of limitations applicable to the breach of contract claim against the State applies here too. Therefore, the State has yet to provide Lutey with a final accounting and so, § 18-1-402, MCA, applies. The statute of limitations has yet to begin and the breach of warranty claim is not barred. The trial court was in error when it granted summary judgment on this issue.

V. Fraud and Misrepresentation

We conclude that this claim is without merit. Lutey's own pleadings belie its argument that it was not aware until discovery that the State acted fraudulently and made misrepresentations.

Lutey provides no evidence that it could not have known of the alleged fraud at the time it occurred, nor did it provide any evidence that there were any affirmative acts by the State to prevent Lutey from discovering the fraud as required to commence the statute of limitations. We also note in passing that the claim of fraud in the complaint does not meet the requirements of Rule 9(b), M.R.Civ.P., that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity...."

VI. Breach of the Implied Covenant of Good Faith and Fair Dealing

Lutey claims a breach of the implied covenant of good faith and fair dealing and contends that the statute of limitations for contract actions applies. In Story v. City of Bozeman (1990), 242 Mont. 436, 791 P.2d 767, this Court stated that "[a] breach of the covenant is a breach of the contract." Story, 791 P.2d at 775. This claim, as with the implied warranty claim, is as much a part of the contract as its express terms, and therefore, is governed by the statute of limitations for State contract actions. See conclusion relative to the implied warranty. The trial court erred in granting summary judgment on this issue.

AFFIRMED in part and REVERSED in part.

_____
Justice

We Concur:

_____
Chief Justice

9

_____

_____
Karla M. Gray

_____
John Conway Sherrin

_____
William E. Hunt Sr.

_____
Terry Trieweiler
Justices