NO.  95-322

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

BLISS H. GREEN,

      Plaintiff and Appellant,

  v.

L.R. CARL DIX d/b/a THE ROOSEVELT
HOTEL,

      Defendant and Respondent.

FILED

MAY 07 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Seventeenth Judicial District,
              In and for the County of Valley,
              The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Bliss Herberlein Green, Myrtle Creek, Oregon (pro
          se)

      For Respondent:

          Robert Hurly, Glasgow, Montana

Submitted on Briefs:  March 21, 1996

Decided: May 7, 1996

Filed:

_____
             Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Appellant Bliss H. Green (Green), pro se, appeals the decision of the Seventeenth Judicial District Court, Valley County, granting summary judgment in favor of Respondent L.R. Carl Dix (Dix).

Affirmed.

ISSUES

In arguing that the District Court erred in granting Dix's motion for summary judgment, Green raises the following re-stated issues :

1.    Did Dix violate Federal law when he faxed documents to Green in California?

2.    Did Dix breach the covenant of good faith and fair dealing?

3.    Did Dix violate the Statute of Frauds?

4.    Did the District Court abuse its discretion by granting Dix's motion to strike Green's Request for Production of Documents?

5.    Did the District Court err in finding that no genuine issue of material fact existed regarding abandonment of the contract?

Dix was the owner and operator of the Roosevelt Hotel in Glasgow, and, in 1992, he put the hotel up for sale. On July 7, 1992, Green had a broker prepare a purchase agreement which set forth Green's offer to buy the hotel. That same day, Green also gave the broker $7500 earnest money towards the proposed purchase price. The terms of the purchase agreement provided a closing date of July 21, 1992, and gave Dix three days to accept the offer. The purchase agreement also provided that, should Green refuse the complete the sale, the $7500 earnest money would be forfeited to the seller as liquidated damages. Green attached an addendum to the purchase agreement and made the sale conditional upon inclusion of the addendum. After viewing the hotel, completing his offer, and depositing the earnest money, Green returned to his home in California.

On July 20, 1992, Dix faxed to Green two additional proposed addenda to the July 7th purchase agreement. Dix agreed to the terms of the agreement, provided that the modifications set out in his two addenda were also included. Green signed both addenda and returned them to Dix. Green also made arrangements to travel to Glasgow the following week to complete the inspection and inventory of the hotel.

On July 27 or July 28, 1992, Green withdrew from the contract. He requested his earnest money back from the broker, who refused to return it. Dix informed Green that, pursuant to the terms of the contract, Dix intended to keep the $7500 as liquidated damages.

Green filed suit in the Seventeenth Judicial District Court, valley County, seeking the return of his earnest money.

On April 5, 1995, the District Court heard the matter. Finding that no genuine issue of material fact existed and that summary judgment was appropriate as a matter of law, the District Court granted summary judgment in favor of Dix. Green appeals.

DISCUSSION

1. Did Dix violate Federal law when he faxed documents to Green in California?
2. Did Dix breach the covenant of good faith and fair dealing?
3. Did Dix violate the Statute of Frauds?

In his appellate brief, Green alleges that the faxing of documents regarding the hotel sale to him in California somehow violated an unspecified Federal law governing investment offerings by mail. Green presents no authority to support this allegation, and the theory he attempts to advance is unclear. However, it is clear that this issue was not raised before the District Court; instead, Green raises it for the first time on appeal. This Court will not consider issues raised for the first time on appeal. Fandrich v. Capital Ford Lincoln Mercury (1995), 272 Mont. 425, 431, 901 P.2d 112, 115-16.

Green further attempts to argue that Dix's actions regarding the contract somehow violated an implied covenant of good faith and fair dealing and/or the Statute of Frauds. Without considering the merits of these arguments, we note that neither the implied covenant of good faith and fair dealing nor the Statute of Frauds was raised as an issue before the District Court. Accordingly, we

4

decline to consider these issues as well. <u>Fandrich,</u> 901 P.2d at 115-16.

4. Did the District Court abuse its discretion by granting Dix's motion to strike Green's Request for Production of Documents?

During a July 1994 status conference, the District Court ordered both parties to complete discovery in this **matter by** September 5, 1994. On March 2, 1995, Green moved the District Court to compel Dix to produce certain documents. Dix moved to strike the production request as untimely. The District Court granted Dix's motion to strike and denied Green's motion to compel production, noting that the discovery deadline had long since passed.

A district court's grant or denial of a discovery request will not be set aside unless it constitutes an abuse of discretion. In re Marriage of Caras (1994), 263 Mont. 377, 384, 868 P.2d 615, 619. "The District Court has inherent discretionary power to control discovery, and that power is based upon the District Court's authority to control trial administration." State ex rel. Guarantee Ins. Co. v. District Court of the Eighth Judicial Dist. (1981), 194 Mont. 64, 67-68, 634 P.2d 648, 650. Moreover, Rule 26(b), M.R.Civ.P., provides:

> [t]he frequency or extent of use of the discovery methods
> set forth . . shall be limited by the court if it
> determines that . . . the party seeking discovery has had
> ample opportunity by discovery in the action to obtain
> the information sought . . .

Rule 26(b)(1), M.R.Civ.P.

In this case, Green did not make his request for production until over seven months after the close of discovery. He offers no

5

explanation for such an unreasonable delay, merely asserting that his inability to obtain the documents requested prejudiced his case. It: may have. Discovery deadlines, however, preserve the orderly adjudication of court cases and prevent unreasonable delay, thereby saving the time and resources of both the parties and the court. Given that no explanation is offered for the long delay in Green's request for production, the District Court did not abuse its discretion in denying his application for additional discovery.

5. Did the District Court err in finding that no genuine issue of material fact existed regarding abandonment of the contract?

The original purchase agreement signed by Green provided a closing date on the sale of July 21, 1992. The addendum which Dix sent to Green on July 20, 1992, modified the original proposed agreement and therefore constituted a counter-offer. This counter-offer did not specifically provide for a different closing date. Therefore, Green asserts that the failure of the parties to close on the date provided by the original purchase agreement constitutes an abandonment of the contract.

For his part, Dix asserts that the transmission of the counter-offer on July 20 implicitly postponed the closing date, because Green was in California on that date and had no plans to be in Montana on the 21st. Dix further notes that the inspection and inventory which needed to be completed before closing had not been done, and could not be done, as of July 21--as Green, who was a necessary party to the inspection and inventory, must have realized. Therefore, Dix argues, by signing and returning the

6

counter-offer on the 20th, Green implicitly agreed to a later closing date. The District Court agreed, finding that the facts of this case did not demonstrate an intent on the part of either party to abandon the contract if it were not closed on July 21, 1992.

The standard of review in appeals from summary judgment rulings is de novo. Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785. Further,

> [u]nder Rule 56(c), M.R.Civ.P., summary judgment is proper if the record discloses no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Lutey Const. v. State (1993), 257 Mont. 387, 389, 851 P.2d 1037, 1038. A party seeking summary judgment has the burden of establishing a complete absence of any genuine factual issues. Howard v. Conlin Furniture No. 2, Inc. (1995), 272 Mont. 433, 435-36, 901 P.2d 116, 118. Once the moving party has presented evidence to support its motion, the party opposing summary judgment must present material and substantial evidence, rather than conclusory or speculative statements, to raise a genuine issue of material fact. Howard, 901 P.2d at 119.

Porter v. Galarneau (Mont. 1996), 911 P.2d 1143, 1146, 53 St.Rep. 99, 100.

When Dix's counter-offer was faxed to Green, Green promptly signed and returned it. At that time, a binding contract was created. Green's actions--remaining in California, agreeing to a later inspection and inventory, failing to reiterate that the very next day was the only acceptable closing date--are inconsistent with his assertion that both parties understood July 21 to be the closing date. On the contrary, the evidence supports Dix's assertion that the parties implicitly agreed to a later closing date.

Green presents no evidence to support his allegation that the contract was abandoned as of July 21, 1992. The District Court did not abuse its discretion in finding that neither party abandoned the contract until Green did so himself.

Green raises numerous other issues in the "Statement of the Issues" which accompanies his appellate brief. Some of these "issues" cite no facts or law which indicate any basis for appeal; many are not addressed in the body of the brief at all. After a thorough review of the record, we discover no basis for reversing the decision of the District Court. This appeal is not so without merit, however, as to justify sanctions under Rule 32, M.R.App.P., and we decline to impose them.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

8