No. 98-242

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 57

TIMOTHY SCOTT BRAULICK,

      Plaintiff and Respondent,

v.

HATHAWAY MEATS, INC.,

      Defendant and Appellant.

FILED

MAR 2 3 1999

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and for the County of Cascade,
                    The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Jeffrey T. McAllister; Conklin, Nybo, Leveque & Lanning, P.C.;
            Great Falls, Montana

      For Respondent:

            J. Kim Schulke; Linnell, Newhall, Martin & Schulke, P.C.;
            Great Falls, Montana

Submitted on Briefs: January 28, 1999

Decided:   March 23, 1999

Filed:

_____
           /Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1   Hathaway Meats, Inc., appeals from the $31,500 judgment entered against it after a jury in the Eighth Judicial District, Cascade County, found for Hathaway's former employee, Timothy Scott Braulick, in this wrongful discharge action. We affirm.

¶2   The issue is whether the District Court erred in denying Hathaway's motions for judgment as a matter of law and submitting the case to the jury.

¶3   In October 1994, Hathaway, a wholesale meat distributing business in Spokane, Washington, purchased the Great Falls, Montana, wholesale meat distributing business for which Braulick worked as a warehouseman and delivery truck driver. Braulick was discharged from Hathaway's employ in February 1996, ostensibly as part of downsizing of the business. Braulick filed this action approximately one year later, in January 1997.

¶4   At trial, Braulick's theory was that he was discharged not because of downsizing, but because he was resented for his absence from work due to a December 1995 nonwork-related injury to his hand, and for the costs to Hathaway of providing health insurance for himself and his family. Following Braulick's presentation of his case, Hathaway moved for judgment as a matter of law pursuant to Rule 50, M.R.Civ.P. Hathaway argued that Braulick had failed to provide evidence establishing that he was not terminated for good cause. The court denied the motion, as it did Hathaway's second motion for judgment as a matter of law at the close of trial. The jury reached a verdict for Braulick, awarding him about half the amount of damages he requested. Hathaway appeals.

2

## DISCUSSION

¶5    Did the District Court err in denying Hathaway's motion for judgment as a matter of law and submitting the case to the jury?

¶6    A motion for judgment as a matter of law may be granted only if it appears as a matter of law that a party could not prevail upon any view of the evidence, including the legitimate inferences to be drawn therefrom. *Kneeland v. Luzenac America, Inc.*, 1998 MT 136, ¶ 53, 961 P.2d 725, ¶ 53, 55 St. Rep. 541, ¶ 53. In other words, a motion for judgment as a matter of law is properly granted only when there is a complete absence of any evidence to warrant submission to a jury. *Kneeland*, at ¶ 53. Conflicts in the evidence, including witness credibility, are properly resolved by the finder of fact. *Cameron v. Mercer*, 1998 MT 134, ¶ 18, 960 P.2d 302, ¶ 18, 55 St. Rep. 531, ¶ 18.

¶7    A discharge is wrongful under Montana's Wrongful Discharge From Employment Act if it was not for good cause and the employee has completed the employer's probationary period. Section 39-2-904(2), MCA. If the discharge was for a legitimate business reason, it does not amount to wrongful discharge. In *Buck v. Billings Montana Chevrolet, Inc.* (1991), 248 Mont. 276, 811 P.2d 537, we stated:

> A legitimate business reason is a reason that is neither false, whimsical, arbitrary [n]or capricious, and it must have some logical relationship to the needs of the business. In applying this definition, one must take into account the right of an employer to exercise discretion over who it will employ and keep in employment. Of equal importance to this right, however, is the legitimate interest[] of the employee to secure employment.

*Buck*, 248 Mont. at 281-82, 811 P.2d at 540.

3

¶8 Hathaway gave several justifications for Braulick's termination. One was that a reduction in the amount of stock it warehoused in Great Falls reduced the need for warehousemen in Great Falls. According to Braulick's testimony on direct examination, however, the majority of his time was spent as a delivery driver.

¶9 Randy Bogden, the manager of Hathaway's Great Falls operation, testified during Braulick's presentation of his case-in-chief that business was slow at the time Hathaway terminated Braulick's employment. However, Braulick testified that Bogden called him several times to ask him to work in January, saying that they were "really busy." Bogden acknowledged that after Braulick was terminated, Hathaway contracted with another company to do some of the deliveries Braulick had done and hired part-time and temporary employees to do others. Braulick elicited evidence that Hathaway thereby incurred expenses totaling $1,878 per month as compared with Braulick's salary and benefits of $2,244 per month.

¶10 On several points, the jury had to decide whether to believe testimony by Braulick or testimony by Bogden or Hathaway's owner, Mike Hathaway. As another example, Braulick testified that Bogden told him when he was discharged that it would be cheaper to pay someone else to do his work. Bogden denied saying that. Determining witness credibility is a classic jury function. *Cameron*, at ¶ 18.

¶11 Hathaway contended it made sense to get rid of Braulick because he was not certified to drive the large truck the company used to make twice-weekly delivery runs to Missoula, Montana. However, Braulick testified that at Hathaway's request he used the smaller truck

4

to make the Missoula run twice at the end of January 1996. Thus, there was evidence that the truck which Braulick was certified to drive could be used for the Missoula runs.

¶12 On cross-examination during Hathaway's case-in-chief, Mike Hathaway admitted that the deliveries and customers which the business had before the Great Falls warehouse reduction were similar after the warehouse reduction. This, again, supported Braulick's position that the reduction in warehouse inventory in Great Falls did not reduce the need for drivers.

¶13 Hathaway asserted that the Great Falls operation made a net profit of only $1,977 for the fiscal year May 1995 to April 1996 and that this provided a legitimate business reason to terminate Braulick. However, as Braulick pointed out, he was terminated in February 1996, at least two months before those fiscal year figures were available. Braulick further demonstrated from Hathaway's financial records that the bulk of Hathaway's business loss was attributable to its larger Spokane, Washington, operation. Braulick argued that it would have been more logical to make larger cutbacks in Spokane than to fire him.

¶14 The record includes evidence supporting Hathaway's position that its termination of Braulick's employ was justified by legitimate business reasons. However, that is not a sufficient basis for a judgment as a matter of law. The standard is whether Braulick failed to introduce any evidence at all in support of his contentions. Weighing of the evidence is, again, a classic jury function. *Cameron*, at ¶ 18.

¶15 Based upon the record, we conclude that both after presentation of his case-in-chief and at the close of the evidence, Braulick met the minimal standard set forth in *Kneeland* that

5

unless there is a complete absence of evidence to support a verdict for the nonmoving party, judgment as a matter of law is not appropriate. We therefore affirm the District Court's denial of Hathaway's motions for judgment as a matter of law.

¶16 In his answer brief and by separate motion, Braulick asks that this Court award him damages under Rule 32, M.R.App.P., on the basis that Hathaway has taken this appeal without merit. Such damages are only proper when there is evidence that the appeal was taken without substantial reason or grounds or that the arguments were not made in good faith. *Sorenson v. Massey-Fergusen, Inc.* (1996), 279 Mont. 527, 531, 927 P.2d 1030, 1032-33. There is no such evidence in this case. We therefore decline to award damages under Rule 32, M.R.App.P.

¶17 Affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

6