No. 00-401

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 94

KIM ANDREWS,

Plaintiff and Appellant,

v.

PLUM CREEK MANUFACTURING, LP.,

Defendant and Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

Honorable Katherine R. Curtis, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Christian T. Nygren, Milodragovich, Dale, Steinbrenner &

Binney, Missoula, Montana

For Respondent:

Todd A. Hammer and David M. Sandler, Hammer, Hewitt &

Sandler, Kalispell, Montana

Submitted on Briefs: November 9, 2000
Decided: June 5, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Kim Andrews (Andrews) appeals the order of the Eleventh Judicial District Court, Flathead County, granting Plum Creek Manufacturing's (Plum Creek) motion for summary judgment on Andrews's wrongful discharge claim. The District Court concluded that the discharge issue was a question of fact for the jury, but that even assuming arguendo a discharge had occurred, Plum Creek had good cause for dismissing Andrews. After deciding there was no genuine issue of material fact regarding good cause for Plum Creek's dismissal of Andrews, the court granted summary judgment to Plum Creek. We reverse.

¶2 We restate the issue on appeal as follows:

¶3 Did the District Court err when it found there was no genuine issue of material fact regarding good cause for Plum Creek's discharge of Andrews and therefore granted Plum Creek's motion for summary judgment?

¶4 Andrews argues on appeal that she was either actually or constructively discharged by Plum Creek. The District Court held that constructive discharge was a question of fact for the jury to decide and declined to use the discharge element as a basis for granting Plum Creek's motion for summary judgment. Andrews states that the District Court correctly refused to grant summary judgment on the discharge issue, and we will not address an issue when the appellant does not claim error. Although, the question of discharge also consumes much of Plum Creek's response brief, Plum Creek did not cross-appeal the District Court's order. We therefore decline to address the discharge question.

Standard of Review

¶5 Our standard of review in appeals from summary judgment rulings is *de novo*. *Spooner Const. & Tree Service, Inc. v. Maner*, 2000 MT 161, ¶ 23, 300 Mont. 268, ¶ 23, 3 P.3d

641, ¶ 23. When we review a district court's grant of summary judgment, we apply the same evaluation, based on Rule 56, M.R.Civ.P., as the district court. *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In *Bruner*, we set forth our inquiry:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Bruner, 272 Mont. at 264-65, 900 P.2d at 903 (citations omitted).*

## Factual and Procedural Background

¶6 Andrews began working in Plum Creek's Evergreen plywood mill in 1992. Within six months, Plum Creek transferred Andrews to an office clerk position. As invoice production clerk, Andrews administered the retail sales collections which included managing deposits and maintaining records of petty cash and retail sales accounts. Andrews was trained over a ten-day period by the employee whom she was to replace. The mill's accountant, Michelle Larson, who supervised Andrews, explained that training was minimal and consisted of employees "learning their job and learning how to handle it."

¶7 Andrews had received no disciplinary warnings prior to her "investigatory suspension" and removal from the position of production invoice clerk. Over the course of more than five years as an office clerk, Andrews received no job evaluations other than a discussion regarding timeliness. Larson described Andrews's job performance as "adequate" and testified that she had not been aware of any problems with Andrews.

¶8 In June of 1998, an audit of the retail sales activity at the mill revealed that Andrews did not match checks and cash with retail sales invoices when she made deposits. This resulted in discrepancies between deposit slips and other financial documents. Larson testified that prior to the audit, she had never seen any written procedures for administering the retail sales accounts.

¶9 As a consequence of the initial results of the audit, Andrews was placed on investigative suspension while the audit continued. After the audit was completed, the general manager sent Andrews a "Resolution of Suspension" letter in which he offered Andrews a position in the mill and stated that her seniority would remain intact. The letter also stated that there was no suggestion of impropriety, but that the decision to remove Andrews from her clerk position was based on poor performance of her duties.

¶10 As a result of the audit that revealed problems in record keeping, written procedures were provided for office employees, the plant accountant became more involved in reviewing account activity and reconciling balances, and the invoice production clerk no longer handled cash.

¶11 Plum Creek offered Andrews four jobs in the mill, with the opportunity to maintain her seniority with the company. Stating that she did not want to return to a "repetitive production job," Andrews rejected Plum Creek's offers of mill jobs, and, a few months later, filed a complaint against Plum Creek alleging that she had been wrongfully discharged.

## Discussion

¶12 Did the District Court err when it found there was no genuine issue of material fact regarding good cause for Plum Creek's discharge of Andrews and therefore granted Plum Creek's motion for summary judgment?

¶13 Montana's Wrongful Discharge from Employment Act provides in part:

> A discharge is wrongful only if:
>
> . . .
>
> (2) the discharge was not for good cause and the employee had completed the employer's probationary period of employment; or
>
> (3) the employer violated the express provisions of its own written personnel policy.

Section 39-2-904, MCA (1997).

¶14 Andrews maintains that Plum Creek failed to establish the absence of genuine issues

of material fact regarding whether Plum Creek had good cause for discharging her and whether Plum Creek violated its own written personnel policies in discharging her. Because we reverse on the good cause argument, we need not address the question of violation of personnel policies.

¶15 Andrews contends that any inadequacy on her part was a result of Plum Creek's failure to train, define procedures, appropriately supervise and evaluate her in her job. Essentially, her argument is that Plum Creek cannot have good cause to discharge for failure to perform job duties when no training was provided and no evaluations were conducted, or for failure to abide by procedures when none existed. She also reminds the Court that summary judgment is a drastic remedy that is to be avoided when any question of material fact exists. Further, citing *Conlin Furniture*, Andrews stresses that all reasonable inferences should be drawn in favor of the party opposing summary judgment. *Howard v. Conlin Furniture* (1995), 272 Mont. 433, 437, 901 P.2d 116, 119. With these underlying rules in mind, Andrews argues that summary judgment was inappropriate for the question of good cause to discharge.

¶16 Andrews produced evidence to show that Plum Creek provided no supervision, no job evaluations, no written job standards and no accounting procedures. She also presented evidence that petty cash and retail sales accounts were accessible to many employees and that checks were regularly cashed out of the petty cash accounts. Andrews asserts that this evidence supports her contention that she was discharged for other than legitimate business reasons and is sufficient to prevent judgment as a matter of law.

¶17 Andrews also maintains that the District Court erred in finding that she admitted having failed to satisfactorily perform her job duties. Andrews argues that when she agreed with Plum Creek's counsel that there were problems with record keeping, she did not admit that she failed to satisfactorily perform her job duties. Andrews suggests that her statement was an acknowledgment, with hindsight, that the record-keeping *system* was faulty. Furthermore, Andrews challenges the court's reliance on her very brief response, in which she agreed with a comment made by counsel for Plum Creek. She points out that her assent to the attorney's characterization came late in a lengthy deposition and was contradicted by other statements made during the deposition. Because she made no admission, Andrews asserts, the court could not determine, as a matter of law, that Plum Creek had good cause to discharge her.

¶18 Plum Creek responds that a significant amount of missing cash, cash and checks that

did not match invoices, deposit slips that did not comport with other documents, and failure to notify a supervisor that cash was missing constituted good cause, or "reasonable job-related grounds for dismissal" pursuant to § 39-2-903(5), MCA (1999). Plum Creek relies on this Court's statement that a "legitimate reason is a reason that is neither false, whimsical, arbitrary or capricious, and it must have some logical relationship to the needs of the business." *Buck v. Billings Montana Chevrolet, Inc.* (1991), 248 Mont. 276, 281-82, 811 P.2d 537, 540. Plum Creek also points to this Court's recognition that economic reasons are legitimate business reasons justifying discharge of an employee. *Cecil v. Cardinal Drilling Co.* (1990), 244 Mont. 405, 409, 797 P.2d 232, 234.

¶19 Plum Creek asserts that the plain language of § 39-2-903(5), MCA (1999), provides that failure to satisfactorily perform job duties constitutes good cause to discharge an employee, regardless of who is at fault for that failure. Based on that statute, Plum Creek argues that it is irrelevant who may be blamed for Andrews's poor job performance. To establish a genuine issue, Plum Creek contends that Andrews needed to present evidence that she had satisfactorily performed her job duties. And, Plum Creek argues, none of Andrews's evidence suggests that she satisfactorily performed her job; rather, the evidence merely presents explanations for her failure to satisfactorily perform her job duties.

¶20 Plum Creek contends further that Andrews conceded failure to satisfactorily perform her job duties when, during her deposition, she agreed with Plum Creek's attorney that "there were problems with regard to your record keeping . . . ." This alleged concession, Plum Creek argues, supports the court's ruling that there were no genuine issues of material fact regarding the existence of good cause to discharge Andrews.

¶21 District courts may not adjudicate questions of fact on summary judgment motions. In this case, there was conflicting evidence regarding the existence of an admission of failure to perform job duties and regarding satisfactory performance of job duties. We have held that "[w]eighing the evidence is . . . a classic jury function" and we are reluctant to remove that function from the jury's purview. *Braulick v. Hathaway Meats, Inc.*, 1999 MT 57, ¶14, 294 Mont. 1, ¶14, 980 P.2d 1, ¶14.

¶22 Because Andrews presented sufficient evidence to create a question of fact that she had satisfactorily performed her job, the court should have denied Plum Creek's summary judgment motion and allowed the jury to decide whether good cause existed to discharge Andrews. We therefore reverse and remand for proceedings consistent with this opinion.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER