No. 04-545

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 290

THOMAS E. RODGERS,

        Plaintiff and Appellant,

   v.

MONY LIFE INSURANCE COMPANY, formerly
known as THE MUTUAL LIFE INSURANCE
COMPANY OF NEW YORK, a foreign corporation;

        Defendant and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                  In and for the County of Yellowstone, Cause No. DV 02-613,
                  The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                William G. Sternhagen, Sternhagen Law Firm, Helena, Montana

        For Respondent:

                Robert T. Bell, Reep & Bell, P.C., Missoula, Montana

Submitted on Briefs:  July 13, 2005

Decided:  November 15, 2005

Filed:

                          Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Thomas Rodgers (Rodgers) appeals from an Order of the Thirteenth Judicial District, Yellowstone County, granting Respondent=s motion for summary judgment. Respondent cross-appeals the District Court=s denial of its costs. We affirm in part and reverse in part.

**BACKGROUND**

¶2 In 1983 Rodgers purchased a disability policy from defendant MONY Life Insurance Company (MONY). On Rodgers= application for the policy a box was checked indicating that COLA (Cost Of Living Adjustment) benefits were being requested. This application was not accepted by MONY because a policy with COLA benefits required a higher premium than that represented to Rodgers. So, MONY initially issued a policy with COLA benefits and a higher premium, but the terms of this policy required that it had to be accepted by Rodgers before becoming effective.

¶3 Soon thereafter MONY received in the mail a document called a "new business change," purportedly signed by Rodgers, which requested that the COLA rider be deleted. Pursuant to this request MONY issued a policy without COLA benefits at the premium rate initially discussed with Rodgers. A copy of this policy without COLA benefits was sent to Rodgers, along with a copy of Rodgers= application with the box checked indicating that Rodgers had requested COLA benefits. Rodgers then began paying premiums on the policy without the COLA benefits.

¶4 In 1989, Rodgers became disabled and filed a claim for benefits under the policy. MONY accepted the claim and began paying benefits to Rodgers in 1989, and has continued to pay the policy benefits to Rodgers based on the policy without an increase in the amount

2

paid as COLA benefits.

¶5 In 1990, Rodgers requested another copy of his policy. In 1991 MONY sent him another copy of both the policy and the application. After receiving these copies, Rodgers raised no issue or complaint regarding lack of COLA payments. He simply continued to accept his benefit payments without COLA.

¶6 Rodgers alleges that he discovered for the first time in April, 2001, that a COLA rider had been requested on the original application for disability insurance. At some later time Rodgers obtained a copy of the new business document that was purportedly signed by him. Rodgers claims this was the first time he had seen the document, and that his signature was forged.

¶7 In 2002, Rodgers filed suit against MONY seeking COLA payments. The District Court granted summary judgment to MONY, finding that by no later than 1991, Rodgers could have, and should have, discovered that he was not getting COLA benefits. Thus, the period of limitations within which Rogers' complaint would have to have been filed commenced in 1991. Rodgers filed his complaint in 2002, beyond the period provided for by any applicable statute of limitations.[1] The District Court dismissed Rogers' complaint as untimely. The District Court also denied MONY=s demand for costs, ordering that each party pay their own costs.

¶8 The parties raise the following issues on appeal:

¶9 1. Did the District Court err in granting summary judgment to MONY on Rodgers=

---

1. The statute of limitations for breach of contract is eight years, fraud is two years, and tort is two or three years. Sections 27-2-202 to 204, MCA.

COLA related claims?

¶10 2. Did the District Court err in not awarding MONY its costs?

**STANDARD OF REVIEW**

¶11 We review a district court=s summary judgment ruling *de novo* and employ the same method of evaluation, based upon Rule 56, M.R.Civ.P., as applied by the district court. *Andrews v. Plum Creek Mfg., LP.*, 2001 MT 94, & 5, 305 Mont. 194, & 5, 27 P.3d 426, & 5. Summary judgment is proper if the record discloses no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Lutey Const. v. State* (1993), 257 Mont. 387, 389, 851 P.2d 1037, 1038. A party seeking summary judgment has the burden of establishing a complete absence of any genuine factual issues. *Howard v. Conlin Furniture No. 2, Inc.* (1995), 272 Mont. 433, 436, 901 P.2d 116, 118. Once the moving party has presented evidence to support its motion, the party opposing summary judgment must present material and substantial evidence, rather than conclusory or speculative statements, to raise a genuine issue of material fact. *Howard*, 272 Mont. at 436-437, 901 P.2d at 119. All reasonable inferences that might be drawn from the offered evidence should be drawn in favor of the party opposing summary judgment. *Howard*, 272 Mont. at 437, 901 P.2d at 119.

**DISCUSSION**

**ISSUE I**

¶12 **Did the District Court err in granting summary judgment to MONY on Rodgers= COLA related claims?**

¶13 The District Court dismissed Rodgers= claim because he failed to file within the

period allowed under any arguably applicable statute of limitations. Rodgers argues he falls within an exception to the general rule concerning when the period of limitations commences.

¶14    For purposes of statutes relating to the time within which an action must be commenced, Aa claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action[.]@ Section 27-2-102(1)(a), MCA.  This Section further sets out an exception to the general rule concerning when the period of limitations commences:

> (3) The period of limitation does not begin on any claim or cause of action for an injury to person or property until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have been discovered by the injured party if:
>     (a) the facts constituting the claim are by their nature concealed or self-concealing; or
>     (b) before, during, or after the act causing the injury, the defendant has taken action which prevents the injured party from discovering the injury or its cause.

Section 27-2-102(3), MCA.

¶15    Rodgers argues that his claims fall within this exception because MONY allegedly concealed the new business change form from him and he was therefore unaware of any claim he may have had against MONY until he obtained a copy of that document in April 2001.  However, as the District Court notes, in both 1983 and again in 1991, Rogers had in his possession both the disability insurance policy showing no COLA benefits and his application showing a request for COLA benefits.  In addition, Rodgers had been receiving

5

monthly disability payments under the policy containing no COLA since 1989. As the amount of the monthly payments did not increase, it should have been clear to Rodgers that he was not getting COLA increases under his disability policy. We agree with the District Court that by no later than 1991, Rodgers should reasonably have noticed that he was not receiving COLA benefits, regardless of any alleged forgery. By the time Rodgers filed his claim in 2002, the period of limitations for each of his claims had expired. We affirm the District Court=s Order granting MONY summary judgment.

## ISSUE II

¶16 **Did the District Court err in not awarding MONY its costs?**

¶17 The District Court ordered that both parties bear their own costs. MONY argues that judgment was entered in its favor and thus under ' 25-10-102, MCA, the District Court was required to award its costs as a matter of course.

¶18 Section 25-10-102, MCA, provides:

> Costs must be allowed, of course, to the defendant upon a judgment in his favor in the actions mentioned in 25-10-101.

¶19 MONY argues that it is entitled to its costs as this is an action included in ' 25-10-101(3), MCA, which states:

> [I]n an action for the recovery of money or damages, exclusive of interest, when plaintiff recovers over $50[.]

¶20 Rodgers argues that this action cannot be one of those mentioned in ' 25-10-101(3), MCA, because he is the plaintiff, and he did not recover over $50.

¶21 Section 25-10-102, MCA, specifically reads, Ajudgment in [defendant=s] favor in the

6

*actions* mentioned in 25-10-101.@ (emphasis added).  The Aaction@ specified in ' 25-10-101(3), MCA, is Aan action for the recovery of money or damages.@  The language, Awhen plaintiff recovers over $50[,]@ does not change the type of action.  This clause is only applicable to a plaintiff, and denies recovery when a plaintiff recovers less than $50 exclusive of interest.  If this Court were to interpret § 25-10-101(3), MCA, as Rodgers requests, a defendant could never recover costs in an action for recovery of money or damages.  Such is not the intent of the Legislature.  We conclude that MONY is entitled to recover its costs.

¶22    With one possible exception, this Court has been consistent in affirming a district court's award of costs in actions for money or damages.  *See, e.g., Roy v. Neibauer* (1981), 191 Mont. 224, 227-28, 623 P.2d 555, 557 (affirming award of costs where defendant prevailed on summary judgment in action for damages); *Frigon v. Morrison-Maierle, Inc.* (1988), 233 Mont. 113, 125, 760 P.2d 57, 65 (affirming district court's award of costs to defendant).  In *Erickson v. Dairyland Ins. Co.* (1990), 241 Mont. 119, 785 P.2d 705, which was not cited by either party to this action, the Court concluded, with no legal analysis or explanation, that the plaintiff=s claim was not of the type mentioned in ' 25-10-101, MCA, and thus affirmed the district court=s denial of costs to defendant. *Erickson*, 241 Mont. at 124-25, 785 P.2d at 708.  We overrule any portion of *Dairyland* that interprets §§ 25-10-101 and 102, MCA, as not requiring that a successful defendant in an action for money or damages recover costs, as such an interpretation would be inconsistent with § 25-10-102, MCA.

7

## CONCLUSION

¶23    The judgment in favor of MONY is affirmed.  The denial of costs to MONY is reversed.  This case is remanded to the District Court for assessment of MONY's costs and entry of judgment therefore.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS