No. 82-41

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

AG SALES, a Montana Corporation,

Plaintiff and Appellant,

vs.

WALLY KLOSE,

Defendant and Respondent.

---

Appeal from: District Court of the Fifth Judicial District,
In and for the County of Madison
Honorable Frank Blair, Judge presiding.

Counsel of Record:

For Appellant:

Michael J. Lilly, Bozeman, Montana

For Respondent:

Burgess, Joyce and Whelan, Butte, Montana

---

Submitted on briefs: May 20, 1982

Decided: August 11, 1982

Filed: AUG 11 1982

Thomas J. Kearney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff-appellant Ag Sales filed a complaint against defendant-respondent Wally Klose for an amount due from the sale of an irrigation sprinkler system to Klose. Klose counterclaimed for crop losses because of Ag Sales' failure to install the irrigation equipment within a reasonable time. The District Court, Fifth Judicial District, Madison County, awarded Klose $11,070.97 computed on Klose's actual damages of $14,154.00 less $3,083.03 due Ag Sales on the contract balance. Ag Sales appeals.

We affirm.

Ag Sales presents the following issues for review:

(1) Did the District Court err in admitting evidence in contradiction of the written agreement.

(2) Did the District Court err in granting Klose's motion to amend admission of facts.

During the spring of 1977, Klose began negotiating with Ag Sales for the purchase of irrigation equipment. Klose signed a contract which he testified at that time had not been dated. The contract never was signed by a representative of Ag Sales.

Klose removed his old irrigation system during late April and early May 1977. Witnesses for Klose testified that pipe for the system arrived in the early part of May 1977. Ag Sales began work on the new irrigation system in late June 1977 and completed it about July 7, 1977.

Ag Sales filed this action to obtain $3,083.06 still due on the account. The total purchase price was $32,941.00. Klose counterclaimed for crop losses because of Ag Sales' failure to install the irrigation equipment within a reasonable

-2-

time. Witnesses testified that a grain crop in that area should be seeded on or before the first day of June and must be irrigated for the subsequent two weeks.

Ag Sales presented the contract which has the date May 27, 1976, written in. Both parties agree that that date is incorrect. Ag Sales maintains that only the year is wrong and that May 27, 1977, is the correct date. Klose counters that he signed the contract on or about April 20, 1977. Klose also argues that there was an oral agreement that the irrigation system would be installed by May 20, 1977.

Did the District Court err in admitting evidence in contradiction of the written agreement?

The contract signed by Klose provides that "this contract constitutes the entire agreement and no modification thereof shall be valid unless in writing." Section 30-2-202, MCA, provides:

> "Final written expression -- parol or extrinsic evidence. Terms with respect to which the con-firmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented:
>
> "(a) by course of dealing or usage of trade (30-1-205) or by course of performance (30-2-208); and
>
> "(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

Both parties agree that the date written on the contract is incorrect. Ag Sales contends that parol evidence should be admitted to show that the date was incorrect, but only inasmuch as the year was incorrect and that any further parol evidence would violate the contract and section 30-2-202,

MCA. Klose, while agreeing that the date is incorrect, maintains that the month and day, as well as the year, are incorrect.

We find that since both parties agree that the date is incorrect and that parol evidence was allowed to prove that fact, parol evidence as to the correct date is allowable for not only the year but also for the month and day. It is unreasonable to conclude that admission of parol evidence of the month and day would be in violation of the contract and section 30-2-202, MCA, while admission of parol evidence of the correct year would not be in violation of either.

Ag Sales also argues that evidence that there was an oral agreement that the irrigation system would be installed by May 20, 1977, was in violation of the contract and section 30-2-202, MCA.

The District Court held in conclusion of law I that:

> "The Plaintiff breached the Contract of the parties in that it did not complete the installation of the irrigation system on the orally agreed date of May 20, 1977 and in any event, did not complete the installation within a reasonable time after April 20, 1977 and as a result, the Defendant and Cross-Claimant suffered damages in the sum of FOURTEEN THOUSAND ONE HUNDRED FIFTY-FOUR and NO/100 DOLLARS ($14,154.00)."

The District Court found that the contract was signed by Klose on April 20, 1977, and that the undisputed completion date of July 7, 1977, was not within a reasonable time after the signing of the contract. Since the irrigation system was not installed within a reasonable time, it is not necessary to determine if evidence of an oral agreement of a May 20, 1977, installation deadline is admissable.

Did the District Court err in granting Klose's motion to amend admission of facts?

-4-

In its complaint, Ag Sales alleged that "on or about May 27, 1976, the Plaintiff entered into a contract for sale with the Defendant for various irrigation equipment . . ." Klose denied the statement in his answer which was filed January 19, 1974, and in a counterclaim alleged "that sometime during the month of March or April, 1977, Plaintiff contracted with the Defendant to furnish and install . . . [a] irrigation system . . ."

On March 22, 1979, Ag Sales filed "Plaintiff's Request for Admission." Request for admission no. 3 stated: "That the document attached as Exhibit '1' [the contract] was executed by the Defendant on May 27, 1977." Rule 36(a), M.R.Civ.P. provides:

> "The matter [of which an admission is requested] is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . ."

Klose did not answer the request for admission within 30 days. Rule 36(b), M.R.Civ.P., provides: "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

On August 6, 1979, Ag Sales filed a notice of admission of facts where Ag Sales deemed Klose to have admitted all the facts because of his failure to answer the request. Klose filed an answer to plaintiff's request for admission on August 24, 1979, 154 days after the request was made. The answer denied the May 27, 1977, date and stated that it should have been April 1977.

On September 11, 1981, five days before trial, a deposition was taken of Klose where he maintained that he signed the contract on April 20, 1977. At the trial, Ag Sales requested

-5-

the court mark its request for admission as plaintiff's exhibit 1 and moved for its admission into evidence. Klose objected. The court took the matter under advisement. Subsequent to the trial, Klose made a motion to amend the admission to the responses of August 24, 1979, which was granted by the trial court. In granting the motion, the court said:

> "To do otherwise would deprive the Defendant of his counter-claimed damages. Defendants responses were filed August 23, 1979, so it cannot be said that the Plaintiff has in any way been prejudiced by this action of the trial court. This is such a matter that the equity side of this Court intervenes to be sure that Justice is done."

Rule 36(b), M.R.Civ.P., provides:

> "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.. . . [t]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."

Allowing the amendment of an admission is within the discretion of the trial court unless there is a showing of prejudice. Rule 36(b), M.R.Civ.P. "The power to allow the amendments at any stage of the trial is within the discretion of the trial court, and its action in this behalf is not subject to review by this court, unless it is affirmatively shown that it abused its discretion to the prejudice of the adverse party." Nesbitt v. City of Butte (1945), 118 Mont. 84, 89, 163 P.2d 251, 254. Klose used March or April 1977 in his counterclaim, April 1977 in his answer to the request for admission, and April 20, 1977, in his deposition taken before the trial.

There is sufficient evidence to support that Ag Sales was fully aware of position maintained by Klose that he did not sign the contract on May 27. We hold that Ag Sales was not prejudiced by the allowing of the amendment and that, therefore, the District Court did not abuse its discretion.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices