**AMERICAN TECHNOLOGY CORP.,
a Utah corporation, Plaintiff,**

v.

**Pat MAH, aka, Pat Y. Maw, individually and d/b/a Direct Innovations Ltd., and Horizons Marketing Group, Ltd.; Direct Innovations Ltd., and Does I through V, inclusive, Defendants.**

**No. CV–S–96–00015–DWH (RJJ).**

United States District Court,
D. Nevada.

Aug. 29, 1997.

Vaughn W. North, Sandy, UT, V. Roland Smith, Draper, Ut, Edwin S. Wall, Salt Lake City, UT, Neil J. Beller, Los Vegas, NV, for Plaintiff.

John C. Lambertsen, San Diego, CA, for Defendants.

## ORDER

JOHNSTON, United States Magistrate Judge.

This matter was referred to the undersigned Magistrate Judge on Plaintiff American Technology Corp.'s Renewed Motion for Order That Matters Set Forth in Plaintiff's Request for Admissions be Deemed Admitted (# 43). The Court has considered the Plaintiff's Renewed Motion (# 43), the Plaintiff's Corrected Motion for Order That Matters Set Forth in Plaintiff's Request for Admissions be Deemed Admitted (# 37), and the Defendants' Response (# 41).

### BACKGROUND

On January 5, 1996, the Plaintiff, American Technology Corp. (ATC), filed a complaint against the Defendants alleging patent infringement; trade dress infringement and unfair competition in violation of Title 15, United States Code, Section 1125(a); common law tort of palming off/passing off; false marketing; inducing infringement; common law unfair competition; and unjust enrichment. On August 13, 1996, ATC served Plaintiff's First Requests for Admission by mailing it to Defendant's attorney in accordance with Rule 36(a) and Rule 5 of the Federal Rules of Civil Procedure. *See* Plaintiff's First Requests for Admission to Defendants, attached to Renewed Motion (# 43) as Exhibit 5. The Defendants did not respond to Plaintiff's requests. Thus, on October 10, 1996, after several telephonic attempts to confer, ATC's attorney sent a letter to the Defendants' counsel pointing out that the Defendants were delinquent in responding to Plaintiff's requests for admission and that Plaintiff would seek Court relief unless contacted. *See* Letter from Thorpe, North &

Western, L.L.P., to John C. Lambertsen dated October 10, 1996, attached to Renewed Motion (# 43) as Exhibit 2. The Defendants did not respond to the letter or the outstanding requests for admission.

On December 5, 1996, ATC filed its Motion for Order that Matters set Forth in Plaintiff's Request for Admissions be Deemed Admitted (# 27). However, Plaintiff failed to serve the motion on Defendants. Therefore, the Court denied Plaintiff's Motion. ATC then filed a Corrected Motion for Order that Matters set Forth in Plaintiff's Request for Admissions be Deemed Admitted (# 37) on February 11, 1997. The Defendants responded by requesting an additional two weeks to complete the discovery requests. On April 4, 1997, Plaintiff filed a Renewed Motion for Order that Matters set Forth in Plaintiff's Request for Admissions be Deemed Admitted (# 43), because Defendants still had not replied to Plaintiff's Requests for Admission.

## DISCUSSION

■ Rule 36(a) of the Federal Rules of Civil Procedure provides that a request for admission is admitted if no written answer or objection is timely served on the requesting party. This basic tenet of Rule 36 is often recited by courts on the way to analyzing the sufficiency of answers or objections under the last paragraph of Rule 36(a). *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir.1981). ("It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states.") However, the Defendants in this case did not serve any answers or objections to ATC's requests for admissions. Therefore, ATC seeks an order of the Court confirming that the unanswered requests for admission are in fact admitted. Whether a requesting party must file a motion for a court order to conclusively establish the matters in the unanswered requests has not previously been addressed by the Court.

■ "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d at 1245 (citations omitted). Once admitted under this rule, the matter is conclusively established and a party cannot deny the admission at trial, unless the court on motion permits withdrawal or amendment of the admission. If a court held otherwise, it would "overlook the purpose of Rule 36 and also … ignore the distinction between evidential admissions and judicial admissions. The salutary function of Rule 36 in limiting the proof would be defeated if the party were free to deny at the trial what he or she has admitted before trial." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2264, at 573 (2d ed.1994). An admission under Rule 36 falls into the category of judicial admissions similar to an admission in a pleading or a stipulation drafted by counsel for use at trial for the express purpose of limiting and defining the facts in issue.

■ A party who has been served with requests for admission has the option of not responding. However, a party's "failure to respond, either to an entire request or to a particular request, is deemed to be a [judicial] admission of the matter set forth in that request or requests." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2259, at 549–550 (2d. ed.1994). Since unanswered requests for admission are automatically deemed judicially admitted under Rule 36(a), no court intervention is required. The rule is explicit that a matter is admitted if a party fails to respond within thirty days or within a time period set by the court.

■ A motion to compel discovery pursuant to Rule 37 does not apply to a failure to respond to requests for admission. Generally, when a party fails to respond during pretrial discovery, the requesting party is authorized to seek an order compelling disclosure or discovery. Therefore, if a party fails to make a disclosure required by Rule 26(a); or a deponent fails to answer a question propounded or submitted under Rules 30 or 31; or a corporation or other entity fails to make a designation under Rules 30(b)(6) or 31(a); or a party fails to answer an interrogatory submitted under Rule 33; or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as request-

ed or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. Fed.R.Civ.P. 37(a)(2).

■ Recognizing the unavailability of a motion to compel answers to the requests for admission, the Plaintiff seeks an order from the Court confirming that the matters contained in the requests for admission are deemed admitted. Rule 36 does not require a motion for the Court's imprimatur on the unanswered requests for admission. The rule is self-executing. Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial ¶ 11:812 (The Rutter Group 1997). A motion to establish or affirm the admissions upon a party's failure to admit or object is unnecessary under Rule 36(a). The resources of the parties and the Court should be devoted to other pursuits in the case.

Although the Court agrees with ATC that the Defendants have flagrantly disregarded their obligation to answer the requests for admission, Rule 36(a) does not mandate judicial intervention. Rule 36(a) provides its own enforcement mechanism, by automatically deeming the matters contained in the requests for admission as conclusively admitted. The Defendants' failure to respond to ATC's requests for admission automatically deemed the matters as admitted. Since court intervention is not required to invoke Rule 36(a), an order restating Rule 36 would be surplusage.

### ORDER

Based on the foregoing and good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Plaintiff American Technology Corp.'s Renewed Motion for Order That Matters Set Forth in Plaintiffs Request for Admissions be Deemed Admitted (# 43) is DENIED.