No. 99-329

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 161

300 Mont. 268

3 P. 3d 641

SPOONER CONSTRUCTION & TREE

SERVICE, INC.,

Plaintiff and Appellant,

v.

ERNIE MANER, d/b/a NORTHWEST

SOFT TRACKS,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Martin J. Elison, Attorney at Law, Missoula, Montana

Larry M. Elison, Attorney at Law, Gold Canyon, Arizona

For Respondent:

Christian T. Nyrgren, Milodragovich, Dale, Steinbrenner &

Binney, Missoula, Montana

Submitted on Briefs: February 3, 2000

Decided: June 20, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1 Spooner Construction & Tree Service, Inc., (Spooner) appeals from the judgment entered in favor of Ernie Maner, d/b/a Northwest Soft Tracks, (Maner) by the Fourth Judicial District Court, Missoula County. We affirm in part, reverse in part, and remand.

¶2 Spooner raises the following issues on appeal:

¶3 1. Did the District Court err when it amended and conclusively established a matter contained in a request for admission as uncontested fact pursuant to Rule 36, M.R.Civ.P.?

¶4 2. Did the District Court err when it awarded Maner damages for lost profits?

¶5 3. Did the District Court abuse its discretion when it awarded attorney fees to Maner?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 In the fall of 1995, Spooner, through its president James Spooner, entered into an oral agreement with Maner to harvest timber pursuant to a contract Maner had with Plum Creek. Spooner and Maner each agreed to supply two men and one piece of equipment to the project and split the profits evenly.

¶7 During the timber harvest, Maner's skidder broke down and was taken to Spooner's shop for repairs. Spooner allowed Maner to use its 1450B Case Crawler to continue to

skid logs while Maner's skidder was being repaired. While in Spooner's shop, Spooner's mechanic assisted Maner in obtaining the necessary parts and preparing the skidder for repair. Since he was working at the Plum Creek timber harvest site during the day, Maner could only work on the skidder in the evenings or on weekends so Spooner provided Maner with a key to the shop. Once Maner received the necessary parts, he was able to finish repairing the skidder, however, not before being snowed out of the Plum Creek job for the winter.

¶8 After the job ceased for the winter, Maner paid Spooner for hauling the logs that had been harvested. At that time, Maner informed Spooner that he could not pay Spooner's share of the timber harvest until Maner received payment from Plum Creek.

¶9 Following a period of no contact with Maner, Spooner filed a mechanic's lien on February 6, 1996, in the amount of $2150 for the repair work Spooner's mechanic performed on Maner's skidder as well as for shop rental. Spooner was unable to locate Maner to serve him with a copy of the lien and notice of the sheriff's sale of Maner's skidder was published in the newspaper.

¶10 Robert Skiles of Liberty Logging, a logging contractor who had partnered with Maner on some timber sales, saw the notice in the paper and told Maner about the sheriff's sale. On March 15, 1996, Maner filed a Complaint in Justice Court in Missoula County to stop the sale, to regain possession of his personal property located at Spooner's shop, and to obtain payment for skidding and supervisory work performed for Spooner prior to the Plum Creek harvest.

¶11 Also on March 15, 1996, Spooner filed a Complaint in District Court alleging that Maner owed Spooner in excess of $23,000 for work on the Plum Creek contract, use of Spooner's 1450B Case Crawler, and repair of Maner's skidder. Ancillary to the Complaint, Spooner requested a writ of prejudgment attachment on Maner's skidder, trailer, and small bus, which Maner had left at Spooner's shop. The District Court issued a writ of prejudgment attachment on March 15, 1996. Pursuant to the writ, Spooner was ordered to store Maner's property in a safe and reasonable manner free from all foreseeable waste or damage until further order of the court.

¶12 On May 7, 1996, Maner filed an Answer and Counterclaim to Spooner's Complaint, alleging that Spooner had breached their verbal agreement with regard to the Plum Creek harvest; that Spooner had breached a previous agreement by failing to pay Maner for

skidding and supervisory work provided on another project in September 1995; and that Spooner had wrongfully attached his personal property. Prior to Maner's Answer and Counterclaim, the parties engaged in negotiations for the discharge of the lien and the writ of prejudgment attachment. As a result, Maner agreed to post a surety bond in the amount of $2150 for the discharge and release of the mechanic's lien with the understanding that the property would be released to Maner. Spooner agreed that the posting of the surety bond was sufficient for the purpose of releasing the property.

¶13 On May 13, 1996, Spooner filed a notice stating that it had no objection and agreed to dismissal of the writ of prejudgment attachment issued March 15, 1996. In this notice, Spooner admitted no wrongful attachment, recognized that Maner had obtained employment and may be damaged if deprived of the use of this equipment, and requested that Maner maintain comprehensive insurance on the skidder with the District Court named as beneficiary. On May 14, 1996, Maner filed a motion and brief to discharge the writ of prejudgment attachment, which was granted by the District Court on May 15, 1996.

¶14 In August 1996 the parties stipulated to the dismissal without prejudice of the Justice Court action filed by Maner. At the same time in the District Court action, the parties agreed to the entry of a scheduling order, which established that discovery was to close on January 17, 1997. Neither party conducted any discovery until Maner mailed interrogatories, requests for admission, and requests for production of documents to Spooner on December 16, 1996.

¶15 Spooner did not respond to these discovery requests. As a result, Maner filed a Notice of Admission of Facts on January 21, 1997, on the ground that Spooner had failed to respond to the requests for admission within 30 days. The requests for admission automatically deemed admitted read as follows:

> 1. Please admit that Defendant is entitled to Three Thousand Nine Hundred Twenty-Nine Dollars ($3929.00) from Plaintiff for the skidding and sawing of timber by Defendant for Plaintiff in September, 1995.

> 2. Please admit that Defendant owes Plaintiff Two Thousand Seven Hundred Eighteen and 75/100 Dollars ($2,7018.75) [sic] for supervisory work which Defendant performed for Plaintiff in September, 1995.

3. Please admit that Defendant maliciously, and without probable cause, caused a Writ of Attachment to be issued and levied upon Defendant's property on March 15, 1996.

3. Please admit that Plaintiff has received all monies that it is entitled to received [sic] from Defendant from the Plum Creek contract.

4. Please admit that Defendant does not owe Plaintiff money for rent for use of Plaintiff's 1450B Case crawler.

In addition, Maner deposed Spooner's president, James Spooner, on January 24, 1997.

¶16 After amendment of the scheduling order due to Spooner's counsel's medical treatment out-of-state, which made no change to the discovery deadline, Maner filed a motion for partial summary judgment based on the admitted facts. Shortly thereafter, Spooner's counsel filed a motion to withdraw due to health reasons, which was granted. Eventually, Spooner's new counsel filed a response brief opposing Maner's motion for partial summary judgment.

¶17 After the motion had been fully briefed by the parties, the District Court conducted a hearing on May 28, 1997. The District Court granted summary judgment in favor of Maner on the issues resolved by the requests for admission, including Maner's claim for punitive damages. At the hearing, Spooner filed a motion for leave to file discovery responses, which the court deemed submitted on that date. On September 30, 1997, the District Court issued its opinion and order denying Spooner's motion for leave to file discovery responses.

¶18 On March 31, 1998, Maner filed another motion for partial summary judgment based on the admitted facts with respect to the parties' remaining claims. Nearly one month later, Spooner's counsel filed a motion to withdraw, which was ultimately granted. Spooner's original counsel resumed representation of Spooner and filed a response to Maner's motion for partial summary judgment.

¶19 After the motion had been fully briefed by the parties, the District Court conducted a hearing on May 29, 1998, during which summary judgment was granted in favor of Maner. At the close of the hearing, the District Court ordered Maner's counsel to prepare an appropriate order, which was signed by the court on June 23, 1998. On the same date,

the District Court entered a Preliminary Judgment in favor of Maner in the amount of $71,524.06 (consequential damages of $50,000; attorney fees of $11,385; costs of $139.06; and punitive damages of $10,000). The judgment also gave Spooner the opportunity to object to the amount of damages within ten days, which Spooner did, requiring a separate hearing to determine the amount of damages.

¶20 The District Court entered a Scheduling Order setting a bench trial for February 16, 1999, on the issue of damages. Subsequently, the District Court entered a Proposed Pretrial Order, which was approved by the parties, and which was followed by the parties' proposed findings of fact and conclusions of law. Following the one-day trial, the District Court allowed the parties to submit supplemental findings of fact and conclusions of law.

¶21 Approximately three weeks after the bench trial, Spooner filed a motion for contempt supported by a brief and affidavits, alleging that Maner had perjured his testimony during the trial with respect to the amount of lost profits suffered due to the wrongful attachment of his skidder. In response, Maner filed a brief along with an affidavit opposing Spooner's motion for contempt.

¶22 On April 2, 1999, the District Court entered its Findings of Fact, Conclusions of Law, and Judgment and Order Denying Motion for Contempt. The District Court awarded Maner $82,600 in consequential damages plus attorney fees and costs. Spooner appealed the District Court's judgment in favor of Maner and objected to the award of attorney fees to Maner.

## STANDARD OF REVIEW

¶23 Our standard of review in appeals from summary judgment rulings is de novo. *See Stanley v. Holms* (1997), 281 Mont. 329, 332, 934 P.2d 196, 198. When we review a district court's grant of summary judgment, we apply the same evaluation, based on Rule 56, M.R.Civ.P., as the district court. *See Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In *Bruner*, we set forth our inquiry:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the

legal determinations made by a district court as to whether the court erred.

*Bruner, 272 Mont. at 264-65, 900 P.2d at 903 (citations omitted). Our standard of review of a district court's findings of fact is whether the findings are clearly erroneous. See Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906.*

¶24 "Our standard of review concerning a district court's ruling on a discovery matter is whether the district court abused its discretion." *McKamey v. State* (1994), 268 Mont. 137, 145, 885 P.2d 515, 520. In addition, an award of attorney fees is within the discretionary power of the district court. *See Goodover v. Lindey's* (1992), 255 Mont. 430, 449, 843 P.2d 765, 776. Accordingly, we review an award of attorney fees to determine whether the district court abused its discretion. *See Goodover*, 255 Mont. at 449, 843 P.2d at 776-77.

## ISSUE 1

¶25 Did the District Court err when it amended and conclusively established a matter contained in a request for admission as uncontested fact pursuant to Rule 36, M.R.Civ.P.?

¶26 Spooner alleges that the District Court erred when it amended Maner's requests for admission without notice to Spooner and denied Spooner the opportunity to respond to the amended requests for admission. Spooner also alleges that it did not have a duty to respond to Maner's requests for admission because Maner had served discovery with insufficient time to respond prior to the expiration of the discovery deadline.

¶27 Our review of the record reveals that Spooner's argument regarding its duty to respond is being raised for the first time on appeal. We note that the transcripts, with respect to the hearings on the motions for partial summary judgment, have not been submitted to this Court. However, there is no mention of Spooner's "duty to respond" argument in any of Spooner's motions or briefs or in any of the District Court's orders or minute entries. Therefore, we decline to address this issue on appeal. *See DeVoe v. State* (1997), 281 Mont. 356, 365, 935 P.2d 256, 262.

¶28 Maner contends that the District Court did not err when it granted summary judgment in favor of Maner based on the facts deemed admitted even though they contained errors. Maner urges this Court to affirm the District Court's award of damages.

¶29 The District Court granted both Maner's motions for partial summary judgment at oral argument. The transcripts of these hearings have not been provided to this Court. These

motions were based on the facts deemed admitted as a result of Spooner's failure to respond to requests for admission within 30 days.

¶30 In order for the District Court to grant summary judgment in favor of Maner, it had to, sua sponte, amend two of the requests for admission. It amended Request for Admission No. 2 to read that Spooner owed Maner $2718.75 for supervisory work Maner performed for Spooner in September 1995. It also amended the first Request for Admission No. 3 to read that Spooner maliciously, and without probable cause, caused a writ of attachment to be issued and levied upon Maner's property on March 15, 1996.

¶31 Request for Admission No. 2, as written, provided that Maner owed Spooner $2,7018.75 for supervisory work Maner performed for Spooner in September 1995. The first Request for Admission No. 3, as written, stated that Maner maliciously, and without probable cause, caused a writ of attachment to be issued and levied upon Maner's property on March 15, 1996. In both requests as presented, Maner had mistakenly switched the parties so that Spooner's unqualified admission would have indicated that Maner owed Spooner the money and unlawfully attached the property rather than vice versa, a result that Spooner would have no doubt been quite happy to admit. In addition, Request for Admission No. 2 mistakenly represented the numerical amount claimed for supervisory work to be $2,7018.75 rather than $2718.75.

¶32 With regard to requests for admission, Rule 36, M.R.Civ.P., provides:

> **Rule 36(a). Request for admission.** A party may serve upon any other party a written request for admission, for purposes of the pending action, only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . .
>
> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, . . . .
>
> **Rule 36(b). Effect of admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.

Since May 1, 1990, Rule 36, M.R.Civ.P., has been identical to Rule 36, Fed.R.Civ.P. *See* Rule 36, M.R.Civ.P., advisory committee's note to May 1, 1990, amendment.

¶33 A party's failure to respond to a request for admission within 30 days is automatically deemed to be an admission of the matter set forth in the request for admission. *See American Tech. Corp. v. Mah* (D. Nev. 1997), 174 F.R.D. 687, 689 (citing 8A Charles A. Wright et al., Federal Practice and Procedure § 2259, at 549-50 (2d ed. 1994)). Pursuant to Rule 36(b), M.R.Civ.P., "[a]ny matter admitted under this rule is conclusively established *unless* the court on motion permits withdrawal or amendment of the admission." *Ag Sales v. Klose* (1982), 199 Mont. 400, 404-05, 649 P.2d 447, 449 (emphasis added).

¶34 Here, on the motions for partial summary judgment by Maner, the District Court amended Request for Admission No. 2 and the first Request for Admission No. 3. While not technically motions to amend, Maner's motions for partial summary judgment required amendment of the requests in order to support an award of summary judgment. The District Court's amendment of Request for Admission No. 2 and the first Request for Admission No. 3 nullified the matters contained in the requests as being conclusively established. As such, Spooner should have been given an opportunity to respond to the requests as amended by the District Court.

¶35 Accordingly, we conclude that the District Court abused its discretion when it denied Spooner an opportunity to respond to the amended requests for admission. In addition, we conclude that the District Court erred when it granted summary judgment in favor of Maner based on the facts deemed admitted in the amended requests for admission. Therefore, we reverse the portions of the District Court's award of summary judgment in favor of Maner that correspond to the amended requests for admission.

¶36 Specifically, we reverse the District Court's award of $2718.75 to Maner for supervisory work he performed for Spooner in September 1995; the District Court's award of $82,600 to Maner based on Spooner's alleged wrongful attachment of Maner's skidder; and the District Court's award of attorney fees and costs to Maner incurred in bringing the wrongful attachment claim. Consequently, we remand this matter to the District Court for further proceedings, consistent with this opinion, with regard to these issues.

¶37 With respect to the remaining portions of the District Court's award of summary judgment, we have previously held that admissions obtained by way of Rule 36, M.R.Civ. P., may demonstrate that there is no genuine issue of material fact, justifying entry of

summary judgment under Rule 56, M.R.Civ.P. *See Morast v. Auble* (1974), 164 Mont. 100, 105, 519 P.2d 157, 160. Filing a late response to discovery is not a matter of right, but lies within the trial court's discretion. *See Easton v. Cowie* (1991), 247 Mont. 181, 183, 805 P.2d 573, 574. Similar to our decision in *Easton*, we hold that the District Court, in compliance with Rule 36(a), M.R.Civ.P., did not abuse its discretion by granting summary judgment to Maner and denying Spooner's motion for leave to file responses to discovery requests.

¶38 Accordingly, we affirm the District Court's award of $3929 to Maner for skidding and sawing of timber performed for Spooner in September 1995; the District Court's determination that Maner does not owe Spooner any rental fees associated with Maner's use of Spooner's 1450B Case Crawler; the District Court's determination that Spooner is not entitled to punitive damages for Maner's alleged breach of fiduciary duty; the District Court's determination that Spooner's claim for repair work performed on Maner's skidder is without merit and not justified by the evidence presented; and the District Court's determination that Spooner has received all monies it is entitled to receive from Maner with respect to the Plum Creek timber harvest contract.

¶39 Based on our resolution of Issue 1, we need not address Issues 2 and 3. Affirmed in part, reversed in part, and remanded.

/S/ JIM REGNIER

We Concur:

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY