No. DA 06-0343

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 144N

_____

JOHN W. RAMER,

        Plaintiff and Appellant,

   v.

CITY OF BILLINGS,

        Defendant, Respondent and
        Cross-Appellant.

_____

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                      In and for the County of Yellowstone, Cause No. DV 04-1263,
                      The Honorable Gregory R. Todd, Presiding Judge.


COUNSEL OF RECORD:

        For Appellant:

                Mary Ann Sutton, Attorney at Law, Missoula, Montana
                Jeffrey A. Simkovic, Simkovic Law Firm, Billings, Montana

        For Respondent:

                Harlan B. Krough and Michael E. Begley, Moulton, Bellingham, Longo &
                Mather, P.C., Billings, Montana

                                  _____

                          Submitted on Briefs:  April 25, 2007

                                  Decided:  June 12, 2007

Filed:

                       _____
                                  Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Appellant John W. Ramer (Ramer) appeals from the District Court's order granting summary judgment to the City of Billings (City) in his age discrimination complaint. The City has filed a cross-appeal from the District Court's order denying its motion for summary judgment on its claim that Ramer's action is time barred. We affirm the District Court's order granting summary judgment to the City and do not reach the City's cross-appeal.

¶3      Ramer worked for the City for almost 18 years in the Public Utilities Department. He applied for a promotion at age 58 to a Senior Equipment Operator position. Ramer and five other candidates took a written test, and the City designated a four-member committee that interviewed each candidate. The committee unanimously chose another person as the successful candidate.

¶4      Ramer filed a complaint with the Human Rights Commission and with the Equal Employment Opportunity Commission (EEOC). Ramer was unsuccessful before the Human Rights Commission and the EEOC. He filed an action in District Court, but not before the time ran for filing the petition for judicial review of the Human Rights

Commission's decision. The District Court dismissed this portion of his claim. The District Court did allow Ramer to proceed with his age discrimination claim under the Age Discrimination and Employment Act, 29 U.S.C.A. §§ 621-634 (ADEA). The court rejected the City's motion for summary judgment that Ramer's ADEA claim also was time barred.

¶5 The District Court granted the City's later motion for summary judgment on the grounds that Ramer had failed to make out a prima facie case of age discrimination under the ADEA. In particular, the court determined that Ramer had admitted, as a matter of law, that the selection committee did not intend to discriminate against him. The court explained that Ramer had failed to respond to the City's M. R. Civ. P. 36(a) request that he "[a]dmit that none of the four (4) individuals on the selection hiring committee intended to discriminate against [him]." Ramer appeals.

¶6 We review *de novo* a district court's decision to grant summary judgment, based upon the same criteria applied by the district court. *Hardy v. Vision Service Plan*, 2005 MT 232, ¶ 10, 328 Mont. 385, ¶ 10, 120 P.3d 402, ¶ 10. We must determine whether the court correctly found that no genuine issues of material fact existed and whether the court applied the law correctly. *Hardy*, ¶ 10.

¶7 At the outset, we note that Ramer offers no explanation or counter argument to the court's conclusion that he admitted that the committee lacked discriminatory intent. Ramer carries the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against [him] . . . ." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Yet Ramer has admitted, as a matter of law, that the

3

committee acted without discriminatory intent. We have repeatedly held that "admissions obtained by way of [M. R. Civ. P. 36] may demonstrate that there is no genuine issue of material fact, justifying entry of summary judgment . . . ." *Spooner Const. & Tree Service v. Maner*, 2000 MT 161, ¶ 37, 300 Mont. 268, ¶ 37, 3 P.3d 641, ¶ 37. In light of his admission, Ramer cannot possibly create a genuine issue of material fact as to whether the City acted with discriminatory intent. *Hardy*, ¶ 10.

¶8　　We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and record before us that no genuine issue of material fact exists. It is also manifest on the face of the briefs and record before us that settled Montana law clearly controls the legal issues and the District Court correctly interpreted the law.

¶9　　We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE

4